United States Court of Appeals,

Eleventh Circuit.

No. 96-9295

Non-Argument Calendar.

William F. DONALDSON, Petitioner,

v.

COASTAL MARINE CONTRACTING CORP. INSURANCE COMPANY of NORTH
AMERICA;  Director, Office of Workers' Compensation Programs;  United States Department of
Labor, Respondents.

July 16, 1997.

Before DUBINA and BARKETT, Circuit Judges, and HILL, Senior Circuit Judge.

HILL, Senior Circuit Judge:

In this Petition for Review of final action of the Benefits Review Board[1] disposing of

Petitioner's claims under the Longshore and Harbor Workers' Compensation Act,[2] two issues are

presented:

> 1. Whether the Administrative Law Judge's (ALJ) decision and order is final and ripe for
> review by this court, and

> 2. Whether the ALJ's order is to be upheld or vacated?

Under the provisions of the Department of Labor Appropriations Act,[3] the Department is

prohibited from using appropriated funds after September 12, 1996, to review cases such as this

appeal to the Board of Review which had been pending for more than a year as of that date.  Those

pending for that time and not acted upon are required to be considered affirmed and final on

September 12, 1996 for purposes of judicial review.[4]  Thus, the Courts of Appeal are to review

---

[1]An adjudicatory agency within the United States Department of Labor.

[2]33 U.S.C. § 901 *et seq.*

[3]Public Law No. 104-134, 110 Stat. 1321-211, 1321-219.

[4]Whether or not the Congress viewed the Benefits Review Board heavily laden with work and
Court of Appeals idle and underworked does not appear from the record.  However, the Act does
transfer Board work to the judiciary.

awards of ALJ's without the benefit of the conclusions of the experienced members of the Board.

The Congress has the power to amend the substantive law governing review of these cases through an appropriations bill.  *Robertson v. Seattle Audubon Society,* 503 U.S. 429, 440-41, 112 S.Ct. 1407, 1414-15, 118 L.Ed.2d 73 (1992) and it has done so in this instance.  Petitioner's suggestion that the ALJ's order is not ripe for review is not well-taken.

II.

While evidence was conflicting and, in view of the ALJ's finding that Petitioner lacked credibility, subject to different findings, the ALJ's decision is adequately supported and due to be upheld.

The Petition for Review is DENIED.