**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-60697
_____


AVONDALE INDUSTRIES, INC,

                              Petitioner,

versus

DIRECTOR, OFFICE OF WORKERS COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR
AND ROBERT L. COLLINS,

                              Respondents.

_____

Petition for Review of an Order of the
United States Department of Labor
(95-0496)

_____

August 19, 1997

Before JONES, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Avondale Industries appeals the order of the Department of Labor, Benefits Review Board, which affirmed an Administrative Law Judge's grant of attorney's fees to claimant Robert L. Collins, pursuant to the Longshore and Harbor Workers' Compensation Act, 33

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 901 *et seq*. ("LHWCA"). After an accident, Avondale agreed to pay Collins disability compensation for his temporary, total disability. Collins brought this action alleging that his disability was permanent, not temporary; Avondale countered that Collins's injury was temporary, or in the alternative, that he was not totally disabled and could return to work. The ALJ found that Collins was indeed totally disabled, but that his disability was indeed temporary. Therefore Collins maintained the same amount of benefits from Avondale as before he brought the claim. The ALJ also awarded Collins attorney's fees. Avondale appealed the ALJ's decision to the Department of Labor's Benefits Review Board. The case was affirmed by default, because the Board did not issue an opinion within one year of the appeal. Upon the implicit affirmance of the Board, the case immediately became ripe for review before this court. *Donaldson v. Coastal Marine Contracting Corp. Ins. Co. of N. Am.*, 116 F.3d 1449, 1450 (11th Cir. 1997); 33 U.S.C. § 921(c).

We review a decision of the Benefits Review Board using "the same standard the Board applies to review a decision of the ALJ: whether the decision is supported by substantial evidence and is in accordance with law." *SGS Control Servs. v. Director, Office of Worker's Compensation Programs, U.S. Dep't of Labor*, 86 F.3d 438, 440 (5th Cir. 1996); however, we do not accord any special deference to the Board's interpretation of the LHWCA. *Potomac*

-2-

*Electric Power Co. v. Director, OWCP*, 449 U.S. 268, 278 n.18, 101 S. Ct. 509, 514 n.18, 66 L. Ed. 2d 446 (1980).

This case presents a straightforward question: is Collins entitled to attorney's fees for the successful defense of his current level of benefits under the LHWCA?

Section 28(b) of LHWCA provides for an award of attorney's fees when "the employer tenders partial compensation but refuses to pay the total amount claimed by the claimant, and the claimant uses the services of an attorney to successfully recover the total amount claimed." *Savannah Mach. & Shipyard Co. v. Director*, 642 F.2d 887, 889 (5th Cir. 1981). Section 28(b) states, in part:

> If the employer or carrier pays or tenders payment of compensation without an award pursuant to section 914(a) and (b) of this title, and thereafter a controversy develops over the amount of additional compensation, if any, to which the employee may be entitled, the deputy commissioner or Board shall set the matter for an informal conference and following such conference the deputy commissioner or Board shall recommend in writing a disposition of the controversy. . . . If the claimant is successful in review proceedings before the Board or court in any such case an award may be made in favor of the claimant and against the employer or carrier for a reasonable attorney's fee for claimants counsel . . . .

33 U.S.C. § 928(b). The statute authorizes attorney's fees for the cost of attaining the difference between the amount of damages the employer has agreed to pay and the amount to which the claimant is rightfully entitled. It does not provide for an award of attorney's fees for defending counterclaims or for maintaining the same level of benefits. In this case, Avondale had agreed to pay

-3-

Collins for temporary, total disability, and the ALJ found that Collins was entitled to no more.  Therefore we find that Collins was not successful in his claim for additional benefits under the statute, and the ALJ erred as a matter of law in awarding them.

We REVERSE the ruling of the Benefits Review Board and VACATE the ALJ's award of attorney's fees.